IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN GARLAND,<br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br>Defendant. | Case No. 20–CV–00269–JPG |

### MEMORANDUM & ORDER

This is a products liability case. Before the Court is Plaintiff Allen Garland's Motion to Stay. (ECF No. 39). Defendant Novartis Pharmaceuticals Corporation responded, (ECF No. 41), and Garland requested an expedited ruling, (ECF No. 42). For the reasons below, the Court **GRANTS** Garland's Motion to Stay and **STAYS** this case for 60 days.

### I.   PROCEDURAL & FACTUAL HISTORY

Novartis is a pharmaceutical company that manufactures the cancer-treating drug Tasigna. (Compl. at 4, ECF No. 1). In brief, Garland—a Missouri citizen who took Tasigna from 2013 to 2016—alleges that Novartis failed to "adequately warn of the risks of atherosclerotic-related conditions associated with the drug" and, as a result, "suffered severe peripheral vascular disease resulting in multiple procedures and ultimate amputation." (*Id.* at 1–2, 11). He then sued Novartis in this Court under diversity jurisdiction, pleading two state-law causes of action. (*Id.* at 1–2, 12–18).

Several other individuals across the country have raised similar allegations against Novartis in courts across the country. (Garland's Mem. of Law at 1, ECF No. 40). In total, there are "19 similar federal Tasigna products liability cases currently pending in 12 federal districts." (*Id.*). There are also "over 160 Tasigna products liability cases pending in New Jersey state court" that

"were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation rules." (*Id.*). That said, this is the only Tasigna case pending in the Southern District of Illinois. (Novartis's Resp. at 3–4).

In April, Garland filed a motion to transfer with the Judicial Panel on Multidistrict Litigation to consolidate the 20 federal Tasigna cases. (Garland's Mem. of Law at 3). Oral arguments are set for July 29. (Novartis's Resp. at 4). With that in mind, the litigants are still "actively engaged in case-specific discovery"; and they are poised to depose Garland's vascular surgeon on July 1. (*Id.* at 4).

Garland now asks the Court to stay this case—including all discovery—for sixty days "pending resolution of the motion to transfer." (Garland's Mem. of Law at 1–2). He says that without a stay, he "will be forced to file a complication motion to compel in this case" because the litigants are currently "at an impasse . . . regarding Novartis's production of what will be millions of pages of documents, and thus must seek court intervention immediately." (*Id.* at 2). On the other hand, if the Court grants the stay and the Panel ultimately consolidates the federal cases, then "one federal judge will rule on these production issues . . . ." (*Id.*).

Naturally, Novartis opposes Garland's request. (Novartis's Resp. at 1). It remains confident that it will succeed on the merits and contends that a stay would "hamper [its] efforts to obtain dispositive case-specific discovery and waste the efforts in scheduling third-party depositions to date." (*Id.* at 9). More specifically, it says that "scheduling third-party physicians for depositions is a time-consuming matter that not only is fraught with complexities of assuring the deposition date and time works for three parties (and, in some cases, physician's counsel), but also is a process often subject to the anxieties and distrust of a third-party deponent getting pulled into an adversarial proceeding." (*Id.*). On the other hand, Novartis contends that complicated motions to

compel are part and parcel of federal litigation, the avoidance of which should not be a reason to grant a stay. (*Id.* at 10–11).

## II.  LAW & ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay, therefore, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55.

In cases involving a motion to transfer pending before the Judicial Panel on Multidistrict Litigation, many courts considering a stay often evaluate three factors enumerated in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001). *See* 15 Federal Practice and Procedure § 3866.1 (4th ed. 2021) (collecting cases). "[T]he factors to be considered include (1) the interests of judicial economy; (2) hardship and inequity to the moving party is the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers*, 143 F. Supp. 2d at 1049.

Here, the *Meyers* factors favor a 60-day stay. For one, the Court has an interest in preserving scare judicial resources: Absent a stay, the Court would be tasked with resolving a discovery dispute that might be disposed of by a single forum should the Panel consolidate the other federal cases. Along those lines, Garland could experience significant inequity if a stay is not granted because resolution of the discovery dispute here may lead to conflicting rulings in other courts. And while a stay will entail a delay of scheduled depositions and impose some burden on Novartis, consolidation might ultimately allow the litigants to tailor a more streamlined discovery plan. On balance, a 60-day stay is warranted.

### III.     CONCLUSION

The Court **GRANTS** Plaintiff Allen Garland's Motion to Stay and **STAYS** this case for 60 days.

**IT IS SO ORDERED.**

**Dated: Tuesday, June 29, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
